1

2

3

4

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

5

6   JOHN ROBERT DEMOS, JR,

7                          Plaintiff,

8       v.

9   MIKE PENCE, et al.,

10                         Defendants.

Case No. 2:21-cv-00109-BHS-TLF

REPORT AND
RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS*

Noted for February 19, 2021

11

12       This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to

13   28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff John Demos, a state

14   prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a proposed

15   civil-rights complaint. Dkts. 1, 1-1. For the reasons discussed below, the Court

16   recommends that the IPF application be denied and plaintiff's complaint be dismissed

17   without prejudice.

18                                   DISCUSSION

19       Plaintiff is well-known locally and nationally as an abusive litigant. He is under

20   pre-filing bar orders in a number of courts, including this Court, the Eastern District of

21   Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the

22   United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993).

23   An Order of this Court provides for the return without filing of any petition that seeks an

24   extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by

25   REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 1

the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

This appears to be one of plaintiff's first two IFP applications and proposed actions this year. In his proposed complaint, plaintiff asserts claims under 42 U.S.C § 1983 against former Vice President Pence, Speaker of the House of Representatives Nancy Pelosi, former Senate Majority Leader Mitch McConnell, current Senate Majority Leader Charles Schumer and House of Representatives Minority Leader Kevin McCarthy, alleging (1) the electoral vote count in the 2020 Presidential election was compromised and is void; (2) political connections between the United States and England violate the Declaration of Independence; (3) various states were improperly admitted into the United States, leading to genocide of Native Americans. Dkt. 1-1. Plaintiff does not allege that he faced "imminent danger of serious physical injury at the time of filing," *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted). Accordingly, because plaintiff does not meet Section 1915(g)'s imminent danger requirement, the Court recommends that his IFP application, Dkt. 1, be DENIED.

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 2

Furthermore, plaintiff's claims are frivolous and seek damages from defendants who are protected by immunity. *See* 28 U.S.C. § 1915(e)(2)(B) (district court shall dismiss an *in forma pauperis* action that "is frivolous . . . or seeks monetary relief against a defendant who is immune from such relief.") All of the defendants are absolutely immune from claims arising out of the performance of their official functions. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982); *Hilario v. Marianna*, 561 F. App'x 821, 823 (11th Cir. 2014). These are not a defects that could be remedied by amendment. Therefore, the Court recommends that the Complaint be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **February 19, 2021**, as noted in the caption.

Dated this 1st day of February, 2021.


Theresa L. Fricke
United States Magistrate Judge